IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2014

**DERRON GUY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hickman County**
**No. 477566    James G. Martin, III, Judge**

—————————

**No. M2013-01851-CCA-R3-HC - Filed May 29, 2014**

—————————

Petitioner, Derron Guy, pled guilty to carjacking, employment of a firearm during the commission of a dangerous felony, and aggravated robbery in case number 10-00740; carjacking and employment of a firearm during a dangerous felony in case number 09-06692; and criminal attempt of carjacking and possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony in case number 10-00741. Petitioner filed a petition for habeas corpus relief. The dismissal of the petition was affirmed on appeal. *See Derron S. Guy v. Cherry Lindamood, Warden*, No. W2012-00759-CCA-R3-HC, 2012 WL 5943396, at *1 (Tenn. Crim. App., at Jackson, Nov. 28, 2012). Petitioner sought leave in a different court to amend the first petition and raised additional grounds for habeas corpus relief. The habeas corpus court summarily dismissed the petition. Petitioner appeals. After a review, we determine that Petitioner is not entitled to habeas corpus relief as he has not proven on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence Petitioner or that Petitioner is still imprisoned despite the expiration of his sentence. Accordingly, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

Derron Guy, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General, for the respondent, State of Tennessee.

1

# OPINION

## *Factual Background*

In 2010, Petitioner pled guilty to carjacking, employment of a firearm during the commission of a dangerous felony, and aggravated robbery in Shelby County in case number 10-00740; carjacking and employment of a firearm during the commission of a dangerous felony in case number 09-06692; and criminal attempt of carjacking and possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony in case number 10-00741. As a result, he received an effective sentence of 22.2 years.

On March 26, 2012, Petitioner filed a pro se petition for habeas corpus relief. In that petition, he challenged the convictions for employing a firearm during the commission of a dangerous felony on the grounds that, at the time of his conviction, the proscribing statute prohibited conviction of that offense in conjunction with a conviction of carjacking. The habeas corpus court summarily dismissed the petition. In its written order, the court explained that, even if Petitioner's claim were true, the convictions would be rendered voidable, rather than void. This decision was affirmed on appeal. *See Derron S. Guy v. Cherry Lindamood, Warden*, No. W2012-00759-CCA-R3-HC, 2012 WL 5943396, at *1 (Tenn. Crim. App., at Jackson, Nov. 28, 2012).

Subsequently, Petitioner filed a motion in which he sought "leave to amend" his pro se petition for habeas corpus relief "and/or petition for the writ of habeas corpus" in Hickman County Circuit Court. Petitioner argued that the Hickman County Circuit Court should: (1) grant him leave to amend his first petition for habeas relief filed in Hardeman County; (2) find that he is subject to a void sentence because Shelby County was without jurisdiction to convict him where "the State [took] one offense and [made] two offenses out of it, and the unknowing guilty pleas," the convictions and sentences were obtained by duplicitous indictments, the indictments were flawed, and the guilty pleas were not properly entered; and (3) that he received ineffective assistance of counsel.

The habeas corpus court summarily dismissed his petition. The court found that it did not have jurisdiction to allow Petitioner to amend a petition filed in a different district; Petitioner failed to state a cognizable claim for habeas relief; any defect in the indictments was non-jurisdictional and therefore waived; and the petition for habeas corpus relief was not the proper vehicle for habeas relief.

Petitioner sought a timely appeal after the dismissal of the petition.

2

*Analysis*

On appeal, Petitioner insists that: (1) the Hickman County Circuit Court had jurisdiction to allow him to amend his first petition for writ of habeas corpus; (2) the Shelby County Circuit Court did not have jurisdiction to accept his guilty pleas; and (3) he received ineffective assistance of counsel. Petitioner also raises, for the first time on appeal, that his sentence is illegal based on double jeopardy concerns and raises questions about the constitutionality of Tennessee Code Annotated section 39-17-1324. The State disagrees, arguing that the habeas corpus court properly found Petitioner did not establish a cognizable ground for habeas relief. Moreover, the State notes that Petitioner failed to raise the double jeopardy and statutory issues in the habeas corpus court and those issues are, therefore, not properly before this Court.

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." *Hickman v. State*, 153 S.W.3d 16, 22 (Tenn. 2004). A petitioner does not have to be physically confined to be "restrained of liberty." A petitioner can be restrained of liberty if "the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." *Id.* (citations omitted); *see Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." *Benson*, 153 S.W.3d at 31 (citing *Hickman*, 153 S.W.3d 16, 22-23 (Tenn. 2004)). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. *See Benson*, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); *see also* T.C.A. § 29-21-107(b).

Moreover, the determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

On appeal, Petitioner presents several issues. Initially, he insists that the Hickman County Circuit Court had jurisdiction to grant Petitioner leave to amend his prior petition for habeas corpus relief. The habeas corpus court determined that it did not have the jurisdiction to allow Petitioner to amend a petition filed in another court and, instead, chose to treat the petition filed as a new petition for writ of habeas corpus. We agree with this decision of the habeas corpus court. The Shelby County Circuit Court had jurisdiction over the first petition. The judgment became final thirty days after it was entered. Petitioner appealed the judgment on the first petition. *See Derron S. Guy*, 2012 WL 5943396, at *1. Petitioner is not entitled to relief on this issue.

Next, Petitioner insists that the Shelby County Circuit Court did not have jurisdiction to accept his guilty pleas to offenses that arose out of the same set of facts. The habeas corpus court determined that Tennessee Code Annotated section 16-10-102 vested jurisdiction in the Shelby County Circuit Court. We agree. Moreover, this issue is not cognizable in a petition for habeas corpus relief. Additionally, to the extent that Petitioner couples this argument with an argument about double jeopardy violations, we determine that this would merely render his convictions voidable, not void and, therefore, not eligible for habeas corpus relief. *William C. Brothers v. State*, No. W2008-01680-CCA-R3-HC, 2009 WL 3295119, at *3 (Tenn. Crim. App., at Jackson, Oct. 14, 2009) (quoting *Timothy Hickman*

4

*v. Howard Carlton, Warden*, No. E2006-00860-CCA-R3-HC, 2006 WL 2567511, at *2 (Tenn. Crim. App., at Knoxville, Sept. 7, 2006)); *see also Joseph L. Coleman v. Tony Parker, Warden*, No. W2004-01527-CCA-R3-HC, 2005 WL 564153, at *2 (Tenn. Crim. App., at Jackson, Mar. 10, 2005), *perm. app. denied*, (Tenn. Aug. 22, 2005). Petitioner is not entitled to relief on this issue.

Additionally, Petitioner is not entitled to seek relief on the basis of ineffective assistance of counsel in a petition for habeas corpus relief. A voidable judgment may not be collaterally attacked by means of a habeas corpus petition. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn.1992); *see also Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (alleged constitutional violations that render a conviction voidable are properly addressed in post-conviction proceedings, not habeas corpus proceedings). The proper vehicle for attacking a facially valid judgment on the basis of ineffective assistance of counsel is through a petition for post-conviction relief, not a habeas corpus petition. This issue is not cognizable in a petition for habeas corpus relief.

Finally, Petitioner argues that his sentence is illegal because he was convicted of both carrying a firearm with the intent to commit a dangerous felony and carjacking. He cites Tennessee Code Annotated section 39-17-1234 and double jeopardy principles to support his claim. These issues are previously determined. *See Derron S. Guy*, 2012 WL 5943396, at *1-2. Once an issue is decided, it may not be relitigated by the parties. *John Willis Partee v. State*, No. M2008-01773-CCA-R3-HC, 2008 WL 4949246, at *3 (Tenn. Crim. App. at Nashville, Nov. 20, 2008), *perm. app. denied*, (Tenn. May 11, 2009). Moreover, even if Petitioner were entitled to review of this issue, a favorable result would render his convictions merely voidable, not void. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE

5